IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:04CV99

IN RE SPX CORP. SECURITIES LITIGATION )
)
This Document Relates To: )
)
ALL ACTIONS )
)

## ORDER
## CERTIFYING CLASS FOR PURPOSES OF SETTLEMENT, PRELIMINARILY APPROVING OF SETTLEMENT AND PROPOSED PLAN OF ALLOCATION, APPROVING FORM AND PLAN OF NOTICE, APPROVING OF THE CLAIMS ADMINISTRATOR AND SCHEDULING SETTLEMENT HEARING

The parties to this consolidated securities action (the "Action") having entered into a Stipulation and Agreement of Compromise, Settlement and Release dated as of December 21, 2006 (the "Stipulation"), which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Action, subject to the Court's review and approval; and

The parties having made a preliminary application for an order approving the proposed settlement of the Action following notice to members of the putative Class, as provided for under Rule 23 of the Federal Rules of Civil Procedure, and

The Court having read and considered the application, the Stipulation and the accompanying documents; and

The parties to the Stipulation having consented to the entry of this Order; and

All capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      This action is preliminary certified as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons or entities who purchased the common stock of SPX Corporation ("SPX") between November 5, 2003 and February 26, 2004 and who were damaged thereby, excluding SPX, the officers and directors of SPX and its subsidiaries and affiliates, members of the immediate family of any excluded person, the legal representatives, heirs, successors or assigns of any excluded person, and any entity in which SPX has or had a controlling interest.

2.      The Court finds that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: the number of Class Members is so numerous that joinder of all members thereof is impracticable; there are questions of law and fact common to the Class; the claims of the named representatives are typical of the claims of the Class they seek to represent; the Lead Plaintiffs will fairly and adequately represent the interests of the Class; the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs American Radio Association Pension Fund, the Westchester Heavy Construction Laborers Local No. 60 Benefit Funds, Teamsters Local 456 Pension & Welfare Funds and Laborers Local 1298 Pension Fund are certified as Class Representatives.

4.      The Court does hereby preliminarily approve the Stipulation and the settlement provided for therein (the "Settlement") as being fair, just, reasonable and adequate as

to members of the Class, subject to further consideration at the Settlement Hearing described below.

5. The Court approves the form and content of the Notice and the Proof of Claim form, in the form annexed to this Order as Exhibits 1 and 2 respectively. The Court further approves the form and content of the Summary Notice for publication that is annexed to this Order as Exhibit 3.

6. The Court approves Lead Counsel's appointment of The Garden City Group, Inc. as the Claims Administrator. The Claims Administrator shall supervise and administer the provision of notice to the Class and the processing of claims as set forth more fully below. The Court directs Plaintiffs' Lead Counsel and the Claims Administrator to provide notice to members of the Class as follows:

(a) No later than thirty-five (35) business days after the entry of this Order, the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the form of Exhibits 1 and 2 to this Order, to be mailed by first-class mail to all members of the Class who can be identified with reasonable effort;

(b) No later than forty (40) business days after entry of this Order, Plaintiffs' Lead Counsel shall cause to be published the Summary Notice once in the national edition of Investors Business Daily;

(c) At least seven (7) calendar days prior to the Settlement Hearing, Plaintiffs' Lead Counsel shall serve on Defendants' Counsel and file with the Court a sworn statement setting forth the completion of the mailing of the Notice and Proof of Claim and the publication of the Summary Notice;

(d) No later than twenty-one (21) business days after the entry of this Order, SPX shall cause its stock transfer records and other reasonable stockholder information to be made available to the Claims Administrator for the purpose of identifying and giving notice to members of the Class.

7. With respect to members of the Class who purchased or held their SPX common stock through brokerage firms or other nominees, the Claims Administrator shall use reasonable efforts to mail notice to such nominee owners. Nominees shall be requested to send the Notice and the Proof of Claim to all beneficial owners on whose behalf such Nominees purchased SPX common stock during the Class Period within ten (10) days of the receipt thereof, or to send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of the receipt thereof, in which event the Claims Administrator promptly shall mail the Notice and Proof of Claim to such beneficial owners. Additional copies of the Notice shall be made available by the Claims Administrator to any nominee requesting them to mail to beneficial owners. Nominees shall be reimbursed from the Settlement Fund for the reasonable expenses incurred in mailing the Notice and Proofs of Claim to beneficial owners, upon receipt by the Claims Administrator of proper documentation.

8. The Court finds that the notice to the Class provided for under the preceding paragraphs of this Order is the best notice practicable under the circumstances, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act, and due process, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9. All members of the Class shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, including the release provided for under the Stipulation, unless such persons properly request exclusion from the Class. Members of the Class wishing to make such request shall mail the request in written form by first-class mail postmarked no later than ten (10) business days prior to the Final Approval Hearing to the address designated in the Notice. The request for exclusion shall clearly set forth the name, address and telephone number of the person seeking exclusion and that the sender requests to be excluded from the Class in the Action and must be signed by the person requesting exclusion. Persons requesting exclusion also are directed to state: the date(s), price(s), and number(s) of all purchases and sales of SPX common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or unless the exclusion is otherwise accepted by the Court. Members of the Class who request exclusion shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

10. To be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each member of the Class shall take the following actions and be subject to the following conditions:

> (a) A properly executed Proof of Claim, must be submitted to the Claims Administrator, at the post office box set forth in the Notice, and be postmarked not later than May 11, 2007, or such later deadline as may be set by further Order of the Court. A Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail,

postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) Each Proof of Claim must: (i) be properly completed, signed and submitted in a timely manner in accordance with the preceding subparagraph; (ii) be accompanied by adequate supporting documentation for the transactions reported therein, in the form of brokerage confirmation slips, account statements, an authorized statement from the broker containing the transactional information found in a brokerage confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Lead Counsel; (iii) include, if the person executing the Proof of Claim is acting in a representative capacity, a certification of the representative's current authority to act on behalf of the member of the Class on whose behalf the representative is acting; and (iv) be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

11. In accordance with Rule 23(e) of the Federal Rules of Civil Procedure, a hearing (the "Settlement Hearing") shall take place before this Court on April 10, 2007, at 2:00

6

p.m., at the United States District Court for the Western District of North Carolina, 401 W. Trade Street, Charlotte, North Carolina 28202 in Courtroom 3 (or such other Courtroom designated by the Court) to consider and determine:

  (a) whether the proposed Settlement is fair, just, reasonable, and adequate to members of the Class, and should be approved by the Court;

  (b) whether the Order and Final Judgment as provided for in the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

  (c) whether the Court should approve the proposed Plan of Allocation;

  (d) Plaintiffs' Lead Counsel's application for an award of attorneys' fees and expenses; and

  (e) such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to members of the Class.

12. Briefs in support of the Settlement and application for attorney's fees and reimbursement of expenses shall be submitted to the Court no later than seven (7) business days before the Settlement Hearing.

13. The Court may approve the Settlement with or without modification and with or without further notice of any kind. The Court may enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice whether

or not the Court has approved the proposed Plan of Allocation or has awarded attorneys' fees and expenses to Plaintiffs' Lead Counsel.

14. Any member of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their choice. If a member of the Class does not enter an appearance, he, she or it will be represented by Plaintiffs' Lead Counsel.

15. Any member of the Class may appear and show cause if he, she or it has any reason why:

    (a) the proposed Settlement of the Action should not be approved as fair, just, reasonable and adequate;

    (b) the Plan of Allocation should not be approved; or

    (c) the requested attorneys' fees and reimbursement of expenses should not be awarded to Plaintiffs' Lead Counsel; provided, however, that no member of the Class, or any other person, shall be heard on any such matters, unless written objections are filed with the Clerk of the Court, United States District Court for the Western District of North Carolina, 401 W. Trade Street, Charlotte, North Carolina 28202, and mailed to the following counsel for the parties:

| | |
|---|---|
| Joel P. Laitman, Esq.<br>SCHOENGOLD SPORN LAITMAN &<br>LOMETTI, P.C.<br>19 Fulton Street, Suite 406<br>New York, NY 10038 | Michael F. Schultze, Esq.<br>CRANFORD SCHULTZE and TOMCHIN, P.A.<br>2813 Coltsgate Road<br>Suite 200<br>Charlotte, North Carolina 28211 |
| Attorneys for Plaintiffs | Attorneys for Plaintiffs |
| Ronald L. Marmer, Esq.<br>JENNER & BLOCK, LLP<br>One IBM Plaza<br>Chicago, IL 60611-7603 | David C. Wright III, Esq.<br>ROBINSON BRADSHAW & HINSON<br>101 North Tryon Street, Suite 1900<br>Charlotte, NC 28246 |
| Attorneys for Defendants SPX Corp. and<br>John B. Blystone | Attorneys for Defendants SPX Corp. and<br>John B. Blystone |

16. All proceedings in the Action are stayed until further Order of the Court, except as may be necessary to implement the Settlement or comply with the Stipulation. Pending final determination of whether the Settlement should be approved, all members of the Class and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

17. As provided in the Stipulation, SPX may advance actual, reasonable and necessary out-of-pocket costs incurred by Lead Plaintiffs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund without further order of the Court. In the event that the Court does not approve the proposed Settlement or the Settlement otherwise fails to become effective, the obligations (if any) of the Class Representatives and their counsel to repay Defendants or their insurers amounts theretofore paid from the Settlement Fund shall be governed by the terms of the Stipulation.

18. The Defendants shall not have any responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by

9

Plaintiffs' Lead Counsel, and the Court will consider such matters separately from the fairness, reasonableness and adequacy of the proposed Settlement.

19. If the Settlement is terminated or otherwise fails to become effective in accordance with the terms of the Stipulation, the Stipulation, including any amendment(s) thereof, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and none of them thereafter may be introduced as evidence or referred to in any actions or proceedings by any person or entity, and the parties to the Action shall be restored to their respective litigation positions as they existed immediately prior to entry of the Stipulation on December 21, 2006.

20. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED this 22nd day of December 2006.

Frank D. Whitney
U.S.D.J.