IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:04CV99

| | |
|---|---|
| IN RE SPX CORP. SECURITIES LITIGATION | ) |
| | ) |
| This Document Relates To: | ) |
| | ) |
| ALL ACTIONS | ) |

## ORDER AND FINAL JUDGMENT

THIS MATTER came before the Court for hearing pursuant to an Order of this Court, entered December 26, 2006, on the application of the Parties for approval of the Settlement set forth in the Settlement Agreement dated as of December 21, 2006, to determine: whether a Notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased SPX shares on the open market during the period between November 5, 2003 and February 26, 2004 (the "Class Period"), except those persons or entities excluded from the definition of the Class; whether a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of <u>Investors Business Daily</u> pursuant to the specifications of the Court; whether the terms and conditions of the Stipulation and Agreement of Compromise, Settlement and Release dated December 21, 2006 (the "Stipulation") should be approved as fair, reasonable and adequate to settle the claims raised in the Consolidated Amended Complaint ("Complaint"), including the release of SPX Corporation ("SPX" or the "Company") and the Released Parties, as those terms are defined in the Stipulation; whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of Defendants and against all Class Members who have not validly requested exclusion therefrom; whether to approve the Plan of Allocation as a fair

and reasonable method to allocate the settlement proceeds among the Class Members; and whether to approve Plaintiffs' Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses; and having considered all matters raised at the hearing; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation:

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and Defendants. Rather than needlessly recite the uncontested facts and procedural history, the Court hereby incorporates by reference the facts stated within Lead Plaintiffs' Memorandum of Law in Support of Settlement (Doc. No. 67), Lead Plaintiffs' Memorandum of Law in Support of An Award of Attorneys' Fees and Reimbursement of Expenses (Doc. No. 68), the Settlement Agreement in its entirety, and each of the Declarations submitted in support of the instant motions.

2. The prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied in that: the number of Class Members is so numerous that joinder of all members thereof is impracticable; there are questions of law and fact common to the Class; the claims of the Class Representatives are typical of the claims of the Class they seek to represent; the Class Representatives have and will fairly and adequately represent the interests of the Class; the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. This action is finally certified as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all persons or entities who purchased the common stock of SPX between November 5, 2003 and February 26, 2004, and who were damaged thereby, excluding SPX, current and former defendants to this action, the officers and directors of SPX and its subsidiaries and affiliates, members of the immediate family of any excluded person, the legal representatives, heirs successors or assigns of any excluded person, and any entity in which SPX has or had a controlling interest. Also excluded from the Class are the persons and/or entities who timely and properly requested exclusion from the Class as listed on Exhibit A attached hereto.

4. Notice of the Pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto. The notice that was provided included the mailing to record holders of SPX common stock as of the Record Date of a copy of the Notice in the form attached to the Preliminary Approval Order; the provision of additional copies of the Notice to nominees that requested them for the purpose of forwarding the Notice to beneficial owners, or the forwarding of the Notice to beneficial owners at the request of nominees; and the publication of the Summary

Notice in the national edition of <u>Investors Business Daily</u> on February 21, 2007. Accordingly, the Court finds that the notice provided to potential class members, including the particular methods utilized by Class Plaintiffs and the nature of its content, fully complied in all respects with the requirements of Rule 12 of the Federal Rules of Civil Procedure and Due Process.

5. For the reasons stated by the Court at the hearing on April 10, 2007, the Settlement is approved as fair, reasonable, and adequate in accordance with Rule 23 of the Federal Rules of Civil Procedure. <u>See also</u> <u>In re Jiffy Lube Sec. Litig.</u>, 927 F.2d 155, 158 (4th Cir. 1981). This Court further finds the Settlement set forth in the Agreement is the result of vigorous arm's-length negotiations by Lead Plaintiff and Appointed Counsel on behalf of the Plan and the Settlement Class. The Court's oral ruling on April 10, 2007, more fully set forth a specific factual basis to support this ruling and is hereby fully incorporated herein. The Court also notes that, at the final approval hearing, no objection was voiced by any person or on behalf of any entity. Accordingly, the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. For good and sufficient consideration, Lead Plaintiffs and all Class Members, on behalf of themselves, their heirs, executors, administrators, successors and assigns, upon the Effective Date of the Settlement, shall be deemed to have fully released and forever discharged and abandoned, and to have covenanted not to sue and be permanently barred and enjoined from instituting further legal action based upon any and all claims, rights, demands, causes of action, suits, including Unknown Claims, and whether arising under federal, state, or any other law, and whether class, derivative, or individual in nature, against the Released Parties, that are or were asserted in this Action by the Lead Plaintiffs or the Class Members or any of

them against any of the Released Parties, or that could have been asserted by the Lead Plaintiffs or the Class Members in any forum against any of the Released Parties, that arise from, are based upon, or relate to the subject matter of the Action or the factual allegations of the Complaint, whether any such claim was, could have been, or could be asserted by the Lead Plaintiffs, the Class Members or any of them on their own behalf or on behalf of other Class Members (the "Settled Claims").  The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.  "Settled Claims" does not mean or include claims, if any, against the Released Parties arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. 1001 et seq. ("ERISA") that are the subject of an action pending before the United States District Court for the Western District of North Carolina, denominated In re SPX Corp. ERISA Litig., No. 04 CV 192.

7. The Released Parties, upon the Effective Date of the Settlement, are hereby permanently barred and enjoined from instituting, commencing or suing based upon any and all claims, including Unknown Claims, rights, demands, causes of action or suits by any Released Party against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate to the institution, prosecution, or settlement of the Action, except claims arising out of or relating to the obligations of the Lead Plaintiffs, Class Members, or their attorneys embodied in this Stipulation or the implementation or enforcement of this Stipulation or the Settlement of the Action (the "Settled Defendants' Claims").  The Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on

the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8. Defendants do not admit any liability or wrongdoing in connection with this lawsuit. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against any of the Defendants or the Released Parties as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Defendant or Released Party of the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing, or the amount of liability or wrongdoing on the part of any of the Defendants or the Released Parties;

(b) offered or received against any of the Defendants or the Released Parties as evidence of, or be construed as or deemed to be evidence of, any presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants or the Released Parties, or against the Lead Plaintiffs and the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

(c) offered or received against any of the Defendants or Released Parties as evidence of a presumption, concession or admission with respect to any liability or the amount of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants or Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, Defendants or the Released Parties may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d) construed against Defendants or Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial in the Action; or

(e) construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

9. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

10. The Court finds that all parties and their counsel have complied with each requirement of Federal Rule of Civil Procedure 11 as to all proceedings herein.

11. Plaintiffs' Lead Counsel on their own behalf and on behalf of Plaintiffs' Counsel are hereby awarded twenty-eight percent (28%) of the Settlement Fund in fees, which the Court finds to be fair and reasonable, and $254,117.17 in reimbursement of costs and expenses, which fees and expenses shall be paid directly to Plaintiffs' Lead Counsel from the Settlement Fund with interest from the date the Settlement Fund was created to the date of payment pursuant to this Order, at the same interest rate earned by the Settlement Fund. Plaintiffs' Lead Counsel may allocate these fees among Plaintiffs' Counsel of record in a fashion and amount that, in their sole discretion, fairly compensates all counsel for their respective contributions to the prosecution of the Action.

12. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $10,000,000 in cash plus interest thereon, less the reasonable and necessary costs of notice of the proposed settlement and less any amount awarded as attorneys fees to Plaintiffs' Lead Counsel by the Court not to exceed $2.8 million, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Lead Counsel;

(b) Over 22,923 packets with copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Lead Counsel were moving for attorneys' fees in the amount of up to twenty-eight percent (28.00%) of the Settlement Fund and for reimbursement of expenses in the approximate amount of $300,000 and no objections were filed against the terms of the proposed

Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Lead Counsel contained in the Notice;

(c) Plaintiffs' Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The action involves complex factual and legal issues and was actively prosecuted over two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiffs' Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from SPX; and

(f) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund is fair, reasonable and adequate.

13. In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void, and the parties shall be returned to their respective positions immediately prior to the execution of the Stipulation.

14. Jurisdiction is hereby retained over the parties, the Class Members, and Plaintiffs' Lead Counsel for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment,

and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

15. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Signed: April 13, 2007

Frank D. Whitney
United States District Judge

# EXHIBIT A

**List of Shareholders that Sought Exclusion**

1. Mr. & Mrs. Jon Kayyem
   1137 Parkview Avenue
   Pasadena, CA 91103

2. Marion L. Davis
   1820 Loch Lane
   Columbia, SC 29223